**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

**LETTER OPINION AND ORDER**

September 30, 2009

**VIA CM/ECF**
All counsel of record

Re: *Colon v. Mountain Creek Waterpark*
**Civil Action No. 06-4298 (SRC)**

Dear Counsel:

This matter comes before the Court by way of Defendant Mountain Creek Waterpark's Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 25). For the reasons set forth below, Defendant's Motion for Summary Judgment on the negligence claim is denied.

**I.    Background**

Plaintiff Emanuel Colon ("Plaintiff" or "Colon") was a paying customer at Defendant Mountain Creek Waterpark ("MCWP"). During his visit, Colon was injured while attempting to board a water ride known as the Colorado River Ride. The Colorado River Ride involves entering a round, four-person capacity rubber tube and descending a course reminiscent of whitewater river rapids.

The boarding area of the ride contains a launch pool with a wooden loading platform similar in appearance to a boardwalk. A lifeguard is in the launch pool and his or her job is to help patrons board the tube and then launch them down the watery course of the ride.

Plaintiff was in a group of five and, because of a four rider per tube maximum, the group had to split into a group of three and a group of two. Plaintiff and his friend, Mesias Defas ("Defas"), formed a two person group. The three person group prepared to launch first. The lifeguard, Justin Kozdron, helped the first three onto their tube. According to Plaintiff, the lifeguard then told Plaintiff and Defas to get onto a second raft, which was already in the water at the time and was not assigned to any particular person.

Defas and Colon entered the water before attempting to board the tube that was in the water to the left of the boarding area. When Colon entered the water he claims to have misjudged the depth and as a result suffered injury to his left ankle.

The present action followed.

MCWP moves for summary judgment and asserts that Plaintiff cannot make out a *prima facie* case of negligence. Further, although not pleaded by Colon, MCWP makes an anticipatory argument against a potential defective design claim.

Plaintiff asserts that genuine issues of material fact exist because both parties have different versions of: (i) what was or was not said by the lifeguard in the moments leading up to the accident; and (ii) what Plaintiff did or did not do in response to what was said. Additionally, Plaintiff argues that the posted instructions and warnings were not adequate.

## II. Analysis

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003)(quoting *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to

3

an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the summary judgment motion cannot rest on mere allegations and must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248. "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mort., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

### B. **Negligence Claim**

Defendant moves for summary judgment on the negligence claim against it. Because Plaintiff bears the burden of proof at trial on his negligence claim, the burden now shifts to him to defeat the summary judgment motion. To establish a cause of action for negligence under New Jersey law, a plaintiff must prove: 1) a defendant had a duty; 2) the same defendant breached that duty; and 3) the breach was the proximate causation of the plaintiff's damages. *LaBracio Family Partnership v. 1239 Roosevelt Ave., Inc.*, 340 N.J. Super. 155, 161 (App. Div. 2001)(citing *Conklin v. Hannoch Weisman*, 145 N.J. 395, 417 (1996)). Both parties concede that MCWP had a duty to Colon and that Colon was injured, and thus, suffered damages. However, Defendant asserts that Plaintiff failed to present any evidence that MCWP breached its duty of care owed to the Plaintiff or that MCWP's actions or inactions were the proximate cause of the Plaintiff's injuries. (Def.'s Moving Br. 3).

4

The parties dispute the facts regarding the lifeguard's instructions. MCWP claims that Colon was never told to grab the spare tube floating in the launch pool or to get onto it. (Kozdron Affidavit ¶ 6). MCWP further contends that the lifeguard did not tell Colon to get in the water, but that he instead told Colon to get back in line. *Id.* Colon then ignored these instructions, stepped into the loading pool to grab the spare tube on his own initiative and misjudged the depth of the water. (Kozdron Aff. ¶ 7).

Plaintiff, on the other hand, asserts that after it became clear he and Defas would not be able to ride the same tube with their companions, they were given the verbal instruction to grab a tube that was already floating in the launch pool and to "go ahead and get in." (Colon Tr. p. 52). In his affidavit, Colon states that the lifeguard did not provide any instructions about how to board the tube and that the only way to get onto the tube was to first get into the water. (Colon Aff. ¶¶ 24-27; Colon Tr. p. 51-52; Colon Dep. p. 59). Defas makes similar assertions in his affidavit. (Defas Aff. ¶¶ 3-5).

In considering Defendant's Motion for Summary Judgment, the Court cannot make credibility determinations regarding Kozdron, Colon and Defas. In addition, it cannot weigh the evidence. Rather, the Court must draw all justifiable inferences in the non-moving party's favor. *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). Accordingly, Plaintiff demonstrated at least one genuine issue of material fact that does not rest on "mere allegations," but instead is supported by deposition testimony, pleadings, answers to interrogatories and affidavits that, when all justifiable inferences are drawn in Plaintiff's favor, create a real issue for trial. It is for a jury to decide whether MCWP breached

its duty to Colon, whether any breach was the proximate cause of Colon's injuries and to what extent, if any, Colon contributed to his injury.

Therefore, summary judgment on the negligence claim must be denied.[1]

### C. Potential Defective Design Claim

Defendant mounts an anticipatory defense against a potential defective design claim. Defendant notes that the Plaintiff did not plead a claim for products liability in his complaint, but attempts to take advantage of the protections afforded by New Jersey's Product Liability Act through expert affidavit.[2] (Def.'s Moving Br. 11). Defendant requests that the Court dismiss Plaintiff's unpleaded allegations of design defect. (Def.'s Reply Br. 11).

Plaintiff did not plead a claim for products liability in his complaint.[3] In addition, at no time during the course of this litigation did Plaintiff file a motion seeking leave to amend the complaint to add a products liability/design defect claim. Moreover, counsel did not engage in the discovery necessary to support or defend against a products liability claim. Rather, the discovery was tailored to Plaintiff's negligence claims. The fact that Plaintiff's expert opined on

---

[1] The parties raise two collateral issues in their briefs: 1) whether Plaintiff's expert witness Tom Griffiths' conclusions amount to impermissible "net opinion"; and 2) whether New Jersey's certification and approval of the Colorado River Ride's operational condition is impermissible hearsay. The Court finds that the issues should be the subject of *in limine* motions.

[2] The Discussion section of the Opinion submitted by Dr. Tom Griffiths, Plaintiff's expert, contained a category entitled, "Design." Dr. Griffiths opined, among other things, that the layout of the loading area in the Colorado River Ride is inherently unsafe. Additionally, in the Summary section of his Opinion, Dr. Griffiths states that the loading area had a poor design.

[3] There is no dispute as to this item. Defendant's Statement Pursuant to Local Rule 56.1 provides, "No products liability claims are pleaded, nor are any claims pleaded with respect to a failure to warn or instruct. No statutory causes of action are pleaded." (Def.'s Loc. Rule 56.1 Statement ¶ 4). Plaintiff's Statement Pursuant to Local Rule 56.1 provides, "Agree." (Pl.'s Loc. Rule 56.1 Statement ¶ 4).

a potential design defect claim in his report does not mean that the Plaintiff may assert a design defect claim at trial. Accordingly, the Court declines the invitation to dismiss any unpleaded allegations.

## III. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment on the negligence claim is denied.

s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**
