Carla Varriale (CV-9536)
Tara C. Fappiano (TF-6170)
Shanna R. Torgerson (ST-2887)
HAVKINS ROSENFELD RITZERT & VARRIALE, LLP
Eleven Penn Plaza, Suite 2101
New York, New York 10001
Tel: (212) 488-1598
Attorneys for Defendant
FESTIVAL FUN PARKS, LLC d/b/a MOUNTAIN
CREEK WATERPARK s/h/a MOUNTAIN CREEK
WATERPARK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

EMANUEL COLON,

      Plaintiff

vs.

MOUNTAIN CREEK WATERPARK,
TERRALOGIC PARK INDUSTRIES, LLC.,
LIN-CAP REALTY, LLC.,

      Defendants

*Civil Action No.* 06-4298 (SRC)

---

## PROPOSED JURY INSTRUCTION BY DEFENDANT FESTIVAL FUN PARKS, LLC s/h/a MOUNTAIN CREEK WATERPARK

      Pursuant to the Joint Pre-Trial Order of March 5, 2010, the defendant FESTIVAL

FUN PARKS s/h/a MOUNTAIN CREEK WATERPARK submits the following

proposed Jury Charges for the trial of this action, presently scheduled for June 8, 2010:

**A.**     **PRELIMINARY/GENERAL INSTRUCTIONS**

Pursuant to the General Instructions for Civil Cases, United States Court of

Appeals, Third Circuit:

**1.1 Preliminary Instructions — Introduction; Role of Jury**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case. You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**1.2 Preliminary Instructions — Description of Case; Summary of Applicable Law**

In this case, the plaintiff Emanuel Colon claims that he was injured due to the negligence of the defendant Mountain Creek Water Park on July 17, 2006, when he was a patron using the Colorado River Ride at the defendant's park. Mountain Creek Water Park denies those claims, and also contends that the plaintiff Emanuel Colon's conduct caused or substantially contributed to the accident he is claiming occurred on July 17, 2006. I will give you detailed instructions on the law at the end of the case and those instructions will control your deliberations and decision.

**1.3 Preliminary Instructions — Conduct of the Jury**

Now, a few words about your conduct as jurors. First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

**1.4 Preliminary Instructions — Bench Conferences**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.  We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**1.5 Preliminary Instructions — Evidence**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.

01463574                                  3

If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might

## 1.6  Preliminary Instructions -- Direct and Circumstantial Evidence

*Option 2:*

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.  You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## 1.7 Preliminary Instructions — Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**1.8 Preliminary Instructions — Jury Questions for Witnesses**

*Option 1:*

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

**1.9 Preliminary Instructions -- Note-Taking By Jurors**

*Option 2:*

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. You must pay close attention to the testimony as it is given. You may not take notes during the course of the trial. There are several reasons for this. It is difficult to take notes and, at the same time, pay attention to what a witness is saying and the witness's manner while testifying. One of the reasons for having a number of persons on the Jury is to gain the advantage of your individual and collective memories so that you can then deliberate together at the end of the trial and reach agreement on the facts. While some of you might feel comfortable taking notes, other members of the Jury may not feel as comfortable and may not wish to do so. Notes might be given too much weight over memories, especially the memories of those who do not take notes. So, for those reasons, I ask that you not take notes during the trial.

**1.10 Preliminary Instructions — Preponderance of the Evidence**

This is a civil case. Emanuel Colon is the party who brought this lawsuit. Festival Fun Parks, LLC d/b/a Mountain Creek Water Park is the party against which the lawsuit was filed. Mr. Colon has the burden of proving his case by what is called the preponderance of the evidence. That means that Mr. Colon has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Mr. Colon and the evidence favorable to Mountain Creek Water Park on opposite sides of the scales, Mr. Colon would have to make the scales tip somewhat on his side. If Mr. Colon fails to meet this burden, the verdict must be for Mountain Creek Water Park  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Mountain Creek Water Park has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Mountain Creek Water Park has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this.  So you should put it out of your mind.

**1.12 Preliminary Instructions — Description of Trial Proceedings**

The trial will proceed in the following manner:

First, the attorney for Mr. Colon will make an opening statement to you. Next, the attorney for Mountain Creek Water Park may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the attorneys have made their opening statements, each party is given an opportunity to present its evidence.  Mr. Colon goes first because he has the burden of proof.  Mr. Colon will present witnesses whom counsel for Mountain Creek Water Park may cross-examine, and Mr. Colon may also present evidence. Following the plaintiff's case, Mountain Creek Water Park may present evidence. Counsel for Mr. Colon may cross-examine witnesses for the defense.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence.

Once the closing arguments are completed, I will then instruct you on the law. After that you will retire to the jury room to deliberate on your verdict in this case.

**2.4 General Instructions For Use During Trial — Stipulation of Fact**

The parties have agreed that the following facts are true  You must therefore treat these facts as having been proved for the purposes of this case.

- On July 17, 2006, there existed at Mountain Creek Waterpark a ride known as the "Colorado River Ride."

- On July 17, 2006, Mountain Creek Waterpark was a water park facility consisting of twenty-six water-based attractions.

- There is a Medicaid lien by the City of New York in the amount of $5,826.00.

**2.5 General Instructions For Use During Trial — Use of Deposition**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Rachel McCollough, which was taken on February 28, 2008, is about to be presented to you by reading the transcript. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**2.11 General Instructions For Use During Trial — Opinion Testimony**

You have heard testimony containing opinions from Tom Griffiths, Michael Oostman, Dr. Kent Lerner, and Dr. Martin Barschi. In weighing this opinion testimony, you may consider their qualifications, the reasons for their opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinions of these witnesses  should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of these witnesses, you may consider any bias that they may have, including any bias that may arise from evidence that the witnesses have been or will be paid for reviewing the case and testifying.

**3.1 General Instructions For Use At End of Trial — Deliberations**

When you retire to the jury room to deliberate, you may take with you these instructions and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims and defenses. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

**3.2 General Instructions For Use At End of Trial — Number of Witnesses**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

### B.  SUBSTANTIVE INSTRUCTIONS

1.  Liability Instructions

Pursuant to the New Jersey State Model Civil Charges:

**5.10A  Negligence and Ordinary Care – General**

Negligence may be defined as a failure to exercise, in the given circumstances, that degree of care for the safety of others, which a person of ordinary prudence would exercise under similar circumstances.  It may be the doing of an act which the ordinary prudent person would not have done, or the failure to do that which the ordinary prudent person would have done, under the circumstances then existing.

**5.10B  Foreseeability (As Affecting Negligence)**

In determining whether reasonable care has been exercised, you will consider whether the defendant ought to have foreseen, under the attending circumstances, that the natural and probable consequence of its act or omission to act would have been some injury.  It is not necessary that the defendant have anticipated the very occurrence which resulted from its wrongdoing but it is sufficient that it was within the realm of foreseeability that some harm might occur thereby.  The test is the probable and foreseeable consequences that may reasonably be anticipated from the performance, or the failure to perform, a particular act.  If an ordinary person, under similar circumstances and by the use of ordinary care, could have foreseen the result, [*i.e.*, that some injury or damage would probably result] and either would not have acted or, if he/she did act,

would have taken precaution to avoid the result, then the performance of the act or the failure to take such precautions would constitute negligence.

**5.10H          Standards Of Construction, Custom And Usage In Industry Or Trade**

Some evidence has been produced in this case as to the standards for warnings, directions, signage, and inspections in the Carnival-Amusement Rides industry. Such evidence may be considered by you in determining whether the defendant's negligence has been established. If you find that the defendant did not comply with those standards, you may find the defendant to have been negligent. However, the general custom of the industry, although evidential as to what is the reasonable standard in such industry, does not conclusively establish the care the defendant was required to exercise in the performance of its operations. Compliance with an industry standard is not necessarily conclusive as to the issue of negligence, and does not, of itself, absolve the defendant from liability. The defendant must still exercise reasonable care under all the circumstances, and if you find that the prevailing practices in the industry do not comply with that standards, the defendant may be found negligent by you notwithstanding compliance with the custom or standard of the industry.

Similarly, evidence has been produced in this case as to the standards applicable to rider responsibility in the Carnival-Amusement Rides industry, including The Rider Responsibility Statute which states:

5:14A-3.2     Riders to comply with posted warnings and directions

(a) Each individual who rides a carnival-amusement ride shall comply with written warnings and directions posted by the operator of the carnival-amusement ride according to these rules. These include:

1.     Height, weight, and size restrictions, if any, in accordance with N.J.A.C. 5:14A-9.34;

2.     Rider warning signs in accordance with N.J.A.C. 5:14A-9.34;

3.     Rider conduct signs in accordance with N.J.A.C. 5:14A-9.33; and

4.     Any other signs or warning posted by the operator with the express intent to protect the safety and well being of riders, equipment and operators.

5:14A-3.3     Riders under the influence of alcohol or drugs

(a) A rider shall not board or attempt to board any amusement ride if he/she is knowingly under the influence of any alcoholic beverage as defined in N.J.S.A. 33:1-1 or under the influence of any prescription, legend drug, or controlled dangerous substance as this term is defined P.L. 1970, c. 226 (N.J.S.A. 24:21-1 et al.) or any substance which affects the

rider's ability to use the ride safety and to abide by the posted and stated instructions.

If you find that the plaintiff did not comply with those statutes, you may find the plaintiff to have been negligent. However, violation of a statute, although evidential as to reasonable standards of conduct, does not conclusively establish the care the plaintiff was required to exercise in his riding of a carnival-amusement ride. Compliance with a statute is not necessarily conclusive as to the issue of negligence, and does not, of itself, absolve the plaintiff from liability. The plaintiff must still exercise reasonable care under all the circumstances.

## 5.20F (5)Duty – Invitee – Defined and General Duty Owed (Including Business Invitee Language)

An invitee is one who is permitted to enter or remain on premises for a purpose of the occupier. He enters by invitation, expressed or implied. The occupier of the premises who by invitation, expressed or implied, induced persons to come upon its premises, is under a duty to exercise ordinary care to render the premises reasonably safe for the purposes embraced in the invitation. Thus, it must exercise reasonable care for the invitee's safety. It must take such steps as are reasonable and prudent to correct or give warning of hazardous conditions or defects actually known to it or its employees, and of hazardous conditions or defects which it or its employees by the exercise of reasonable care, could discover.

The basic duty of a proprietor of premises to which the public is invited for business purposes of the proprietor is to exercise reasonable care to see that one who enters its premises upon that invitation has a reasonably safe place to do that which is within the scope of the invitation.

## 5.20F (8) Notice of Particular Danger as Condition of Liability

If you find that the premises was not in a reasonably safe condition, then, in order to recover, plaintiff must show either that the occupier knew of the unsafe condition for a period of time prior to plaintiff's injury sufficient to permit it in the exercise of reasonable care to have corrected it, or that the condition had existed for a sufficient length of time prior to plaintiff's injury that in the exercise of reasonable care the occupier should have discovered its existence and corrected it.

## 5.20F (9) Notice Not Required When Condition is Caused by Defendant

If you find that the premises was not in a reasonably safe condition and that the occupier or its agent, servant or employee created that condition through its own act or omission, then, in order for plaintiff to recover, it is not necessary for you also to find that the occupier had actual or constructive notice of the particular unsafe condition.

**5.20F (11) Notice Not Required When Mode of Operation Creates Danger (Alternate Charge, with Additional Language)**

A proprietor of business premises has the duty to provide a reasonably safe place for its customers.  If you find that a hazardous condition was likely to arise from the particular manner in which defendant's business was conducted and that defendant's employees probably were responsible either in creating such hazardous condition or permitting it to arise or to continue, defendant is liable to plaintiff if defendant failed to exercise reasonable care to prevent such hazardous condition from arising or failed to exercise reasonable care to discover and correct such hazardous condition.

In these circumstances defendant would be liable even if defendant and its employees did not have actual or constructive knowledge of the particular unsafe condition, which caused the accident and injury.

If you find that defendant did exercise reasonable care in the light of the risk of injury reasonably to be foreseen from the particular manner in which defendant conducted its business, then defendant would not be liable to plaintiff unless you find: (a) that the hazardous condition was actually caused or created by defendant's employees or (b) that defendant had actual or constructive notice of the hazardous condition for sufficient time to have corrected it and failed to do so.

**5.20F (12) Notice to Invitee or Obviousness of Defect**

(a) As Affecting Negligence or Contributory Negligence

Whether defendant has furnished an invitee with a reasonably safe place for his use may depend upon the obviousness of the condition claimed to be hazardous and the likelihood that the invitee would realize the hazard and protect himself against it.  Even though an unsafe condition may be observable by an invitee you may find that an occupier of premises is negligent, nevertheless, in maintaining said condition when the condition presents an unreasonable hazard to invitees in the circumstances of a particular case.  If you find that defendant was negligent in maintaining an unsafe condition, even though the condition would be obvious to an invitee, the fact that the condition was obvious should be considered by you in determining whether the invitee was contributorily negligent (a) in proceeding in the face of a known hazard or (b) in the manner in which the invitee proceeded in the face of a known hazard.

(b) Warning of Danger

The duty of an occupier of premises is to provide a reasonably safe place for use by an invitee.  Where the occupier knows of an unsafe condition it may satisfy its duty by correcting the condition, or, in those circumstances where it is reasonable to do so, by giving warning to the invitee of the unsafe condition.

Where a warning has been given, it is for you as jurors to determine whether the warning given was adequate to meet the duty of care owed to the invitee.  In this regard

you should consider the nature of the defect or unsafe condition, the prevailing circumstances, and the likelihood that the warning given would be adequate to call attention to the invitee of the hazard and of the need to protect himself/herself against said hazard.

## 6.10   Proximate Cause – General Charge

If you find that Mountain Creek Water Park was negligent, you must find that its negligence was a proximate cause of the incident before you can find that it was responsible for Mr. Colon's claimed injury.  It is the duty of the plaintiff to establish, by the preponderance of evidence, that the negligence of Mountain Creek Water Park was a proximate cause of the incident and of the injury allegedly to have resulted from Mountain Creek Water Park's negligence.

The basic question for you to resolve is whether Mr. Colon's injury is so connected with the negligent actions or inactions of Mountain Creek Water Park that you decide it is reasonable, in accordance with the instructions I will now give you, that Mountain Creek Water Park should be held wholly or partially responsible for the injury.

## 7.31 Comparative Negligence:  Ultimate Outcome

A. In Cases Involving Only One Defendant and Plaintiff Is Alleged To Have Been Negligent

If you find that both the plaintiff and the defendant were negligent, and proximately caused the accident, then you must compare their negligent conduct in terms of percentages.  You will attribute to each of them that percentage that you find describes or measures his and its negligent contribution to the happening of the accident.  The percentages must add up to 100%.

I will explain to you the effect of these percentages.  If you attribute to the plaintiff a percentage of negligent conduct of 50% or less, then the court will reduce his recovery of damages by his percentage of the negligence that proximately caused the accident.   If you attribute to the plaintiff a percentage greater than 50%, then he will not recover damage from the defendant at all.

In that event, you must stop your deliberations without making any determination as to damages.

2.  Damages Instructions

Pursuant to the New Jersey State Model Civil Charges:

**1.12 O. Damages**

I shall now instruct you on the law governing damages in the event you decide the liability issue in favor of plaintiff Emanuel Colon.

The fact that I instruct you on damages should not be considered as suggesting any view of mine about which party is entitled to prevail in this case.  Instructions on damages are given for your guidance in the event you find that the plaintiff Emanuel Colon is entitled to a verdict.  I am required to provide instructions on damages in all cases where the trial includes a claim for damages.

The plaintiff Emanuel Colon has the burden of establishing by a preponderance of the evidence each item of damages that he claims.  The plaintiff must also prove that the damages were the natural and probable consequences of the defendant's negligence.  The accident must have been a proximate cause of the damages.  Damages may not be based on conjecture or speculation.

In this case the plaintiff Emanuel Colon is seeking the following types of damages: (1) medical expenses; (2) pain, suffering, disability, impairment and loss of enjoyment of life, and; (3) aggravation of pre-existing disability.

**8.11            Damages Charges — General**

**A.      Medical Expenses (Non-Auto)**

A plaintiff who is awarded a verdict is entitled to payment for medical expenses which were reasonably required for the examination, treatment and care of injuries proximately caused by the defendant's negligence (or other wrongdoing).  Medical expenses are the costs of doctors' services, hospital services, medicines, medical supplies and medical tests and any other charges for medical services.  The amount of payment is the fair and reasonable value of such medical expenses.  You have heard testimony on whether these medical expenses were fair and reasonable in amount and whether they were reasonably necessary for the examination, care and treatment of Emanuel Colon.  If you determine that any of these bills were not fair and reasonable to any extent, or that any of these services were not reasonably necessary to any extent, you need not award the full amount claimed.

In this case, Emanuel Colon is seeking the sum of *[dollar amount]* in medical expenses.  As a result, the upper limit of the award which you may make for medical expenses is *[dollar amount]*, since you may not award more than the plaintiff is seeking.

**E.      Disability, Impairment and Loss of the Enjoyment of Life, Pain and Suffering**

If you find for Emanuel Colon, he is entitled to recover fair and reasonable money damages for the full extent of the harm caused, no more and no less.

A plaintiff who is awarded a verdict is entitled to fair and reasonable compensation for any permanent or temporary injury resulting in disability to or impairment of his faculties, health, or ability to participate in activities, as a proximate result of the defendant's negligence. Disability or impairment means worsening, weakening or loss of faculties, health or ability to participate in activities. It includes the inability to pursue one's normal pleasure and enjoyment. You must determine how the injury has deprived Emanuel Colon of his customary activities as a whole person. This measure of damages is what a reasonable person would consider to be adequate and just under all the circumstances of the case to compensate Emanuel Colon for his injury and his consequent disability, impairment, and the loss of the enjoyment of life.

The law also recognizes as proper items for recovery, the pain, physical and mental suffering, discomfort, and distress that a person may endure as a natural consequence of the injury. The measure of damages is what a reasonable person would consider to be adequate and just under all the circumstances to compensate Emanuel Colon.

Here are some factors you may want to take into account when fixing the amount of the award for disability impairment, loss of enjoyment of life, pain and suffering. You may consider Mr. Colon's age, usual activities, occupation, family responsibilities and similar relevant facts in evaluating the probable consequences of any injuries you find he has suffered. You are to consider the nature, character and seriousness of any injury, discomfort or disfigurement. You must also consider their duration, as any award you make must cover the damages suffered by Mr. Colon since the accident, to the present time, and even into the future if you find that his injury and its consequence have continued to the present time or can reasonably be expected to continue into the future.

The law does not provide you with any table, schedule or formula by which a person's pain and suffering disability, impairment, loss of enjoyment of life may be measured in terms of money. The amount is left to your sound discretion. You are to use your discretion to attempt to make the plaintiff whole, so far as money can do so, based upon reason and sound judgment, without any passion, prejudice, bias or sympathy. You each know from your common experience the nature of pain and suffering, disability, impairment and loss of enjoyment of life and you also know the nature and function of money. The task of equating the two so as to arrive at a fair and reasonable award of damages requires a high order of human judgment. For this reason, the law can provide no better yardstick for your guidance than your own impartial judgment and experience.

You are to exercise sound judgment as to what is fair, just and reasonable under all the circumstances. You should, of course, consider the testimony of Mr. Colon on the subject of his discomforts. You should scrutinize all the other evidence presented by

01463574                                      15

both parties on this subject, including, of course, the testimony of the doctors who appeared. After considering the evidence, you shall award a lump sum of money that will fairly and reasonably compensate Mr. Colon for his pain, suffering, disability, impairment, and loss of enjoyment of life.

**F.      Aggravation of The Preexisting Disability (Using Latent Condition Charge)**

In this case, evidence has been presented that Mr. Colon had a condition before the incident — that is osteopenia, or brittle bone disease. I will refer to this condition as the preexisting condition. There are different rules for awarding damages depending on whether the preexisting condition was or was not causing plaintiff any harm or symptoms at the time of this accident.

Obviously, the defendant in this case is not responsible for any preexisting condition of Mr. Colon. As a result, you may not award any money in this case for damages attributable solely to any preexisting condition.

I will now explain what happens if the plaintiff was experiencing symptoms of the preexisting condition at the time of the accident. If the injuries sustained in this accident aggravated or made Mr. Colon's preexisting condition more severe, then the plaintiff may recover for any damages sustained due to an aggravation or worsening of a preexisting condition but only to the extent of that aggravation. Plaintiff has the burden of proving what portion of his condition is due to his preexisting condition. Mr. Colon is entitled to damages only for that portion of his injuries attributable to the accident.

If you find that plaintiff's preexisting condition was not causing him any harm or symptoms at the time of the accident, but that the preexisting condition combined with injuries incurred in the accident to cause him damage, then plaintiff is entitled to recover for the full extent of the damages he sustained.

I will now explain what happens if the plaintiff had a predisposition or weakness which was causing no symptoms or problems before the accident but made him more susceptible to the kind of medical problems he claims in this case. If the injuries sustained in this accident combined with that predisposition to create the plaintiff's medical condition, then plaintiff is entitled to recover for all of the damage sustained due to that condition. You must not speculate that an individual without such predisposition or latent condition would have experienced less pain, suffering, disability and impairment.

**G.      Life Expectancy**

If you make an award for future pain and suffering, disability and impairment, loss of enjoyment of life, medical expenses, and loss of future earnings, you may consider the plaintiff's life expectancy. Plaintiff's life expectancy today 43.76 years. That is an estimation of his probable length of life based upon statistical data. Since it is a general estimate, you should use it with caution in an individual case. The plaintiff may live a longer or shorter period than the estimated figure. You should exercise your sound

judgment in applying the life expectancy figure without treating it as a necessary and fixed rule.

Dated: New York, New York
       June 8, 2010

**HAVKINS ROSENFELD RITZERT**
**& VARRIALE, LLP**

By:_____
      Tara C. Fappiano (TCF-6170)
*Attorneys for Defendant*
FESTIVAL FUN PARKS, LLC d/b/a
MOUNTAIN CREEK WATERPARK s/h/a
MOUNTAIN CREED WATERPARK
Eleven Penn Plaza – Suite 2101
New York, NY 10001
(212) 488-1598
HRRV File No.:  03368-0025

01463574

17