**Michael J. Breslin, Jr., Esq.**
**MICHAEL J. BRESLIN, JR.LLC**
**126 State Street, Suite 201**
**Hackensack, New Jersey 07601**
**Tel.(201) 343-5678**

**Attorney for Plaintiff Emanuel Colon**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**INDEX NO. 06-4298 (SRC)**

| | |
|---|---|
| EMANUEL COLON,<br><br>            Plaintiff<br><br>vs.<br><br>MOUNTAIN CREEK WATERPARK,<br>TERRALOGIC PARK INDUSTRIES,<br>LLC., LIN-CAP REALTY, LLC.,<br><br>          Defendants | **JOINT JURY INSTRUCTIONS** |

### PURPOSE OF CHARGE

I am now going to tell you about the principles of law governing this case. You are required to accept my instruction as the law.

You should consider these instructions as a whole, and do not pick out any particular instruction and place undue emphasis upon it.

Any ideas you have of what the law is or what the law should be or any statements by the attorneys as to what the law

may be, must be disregarded by you, if they are in conflict with my charge. [Model Jury Charge 1.12A]

## ROLE OF THE JUDGE

I sit here as the judge of the law. As part of this responsibility, I have made various rulings and statements throughout this trial. Do not view these rules and statements as clues about how I think this case should be decided. They are not. They are based solely on my understanding of the law and rules of evidence and they do not reflect any opinions of mine about the merits of this case. Even if they did, you should disregard them, because it is your role to decide this case, not mine. [Model Jury Charge 1.12B]

## ROLE OF THE ATTORNEYS

The lawyers are here as advocates for their clients. In their opening statements and in their summations, they have given you their views of the evidence and their arguments in favor of their clients' position. While you may consider their comments, nothing that the attorneys say is evidence and their comments are not binding upon you. [Model Jury Charge 1.12C]

## ROLE OF THE JURY

You sit here as judges of the facts. You alone have the responsibility of deciding the factual issues in this case. It

2

is your recollection and evaluation of the evidence that controls. If the attorneys or I say anything about the facts in this case that disagrees with your recollection of the evidence, it is your recollection that you should rely on.

Your decision in this case must be based solely on the evidence presented and my instructions on the law. [Model Jury Charge 1.12D]

## THE EVIDENCE

The evidence in this case consists of:

1.  The testimony that you heard from the plaintiff Emanuel Colon, his friend Mesias Defas, Dr. Thomas Griffiths, Ed.D., his safety expert and Kent Lerner M.D., his medical expert, an orthopedic surgeon, and the defendant had testify on its behalf Ms. Rachel McCullough, an employee of defendant Mountain Creek Waterpark, Justin Kozdron, who was employed as a lifeguard at the Colorado River Ride on the date of the accident, its liability expert, Michael A. Oostman, and its medical expert, Dr. Martin Barschi, M.D., an orthopedic surgeon;

2.  The exhibits that have been marked into evidence;

3.  The deposition testimony that were read into the record;

4.  The stipulation of admissions that were placed on the record. As you recall, the stipulation of admissions are facts that the parties agree are true. Therefore, you can accept all admissions and stipulations as true in your deliberations. Any testimony that I have stricken from the record is not evidence and should not be considered by you in your deliberations. This means that even though you may remember the testimony, you are not to use it in your discussions or deliberations.

3

> Further, if I give a limiting instruction as to how you use certain evidence, that evidence must be considered by you for that purpose only. You cannot use it for any other purpose. [Model Jury Charge 1.12E]

## CONTENTION OF THE PARTIES

It the contention of the plaintiff Emanuel Colon that the defendant Festival Fun Parks, LLC, d/b/a Mountain Creek Waterpark failed to exercise that degree of responsibility for the safety of its patrons on July 17, 2006. It his contention that as the proprietor of the premises, Festival Fun Parks, LLC, d/b/a Mountain Creek Waterpark had the responsibility to care for the safety of its patrons. Emanuel Colon contends that the defendant failed to have a warning, written or verbal, on how to board the tube-raft ride, failed to have any warnings at the place of boarding the tube-raft ride, failed to warn or give notice to its patrons about the depth of the water at the place where plaintiff Emanuel Colon stepped into the pool, and failed to have a second lifeguard stationed at the boarding place to notify its patrons how to board the tube-raft and to assist its patrons with boarding the tube-raft. Plaintiff Emanuel Colon, in summary, is alleging that the defendant Festival Fun Parks, LLC, d/b/a Mountain Creek Waterpark in effect failed to communicate and control and be responsible for its patrons. Plaintiff Emanuel Colon contends that all of these factors were

4

the proximate cause of him sustaining a severely displaced fracture to his left ankle, which required the insertion of a plate and screws in his ankle, which are still in place, and have resulted in him sustaining a permanent injury.

The defendant Festival Fun Parks, LLC, denies any negligence and asserts that the proximate cause of the plaintiff Emanuel Colon's accident was his own negligence, therefore barring him from recovery.

Defendant Festival Fun Parks, LLC, contends that it did give adequate warnings to plaintiff Emanuel Colon and that Emanuel Colon failed to read or follow those warnings and that Emanuel Colon voluntarily and without instruction from its lifeguard, Justin Kozdron, entered the pool on his own and thereby causing his own injuries. [Model Jury Charge 1.12F]

## BURDEN OF PROOF

The burden of proof is on the plaintiff to establish his claim by a preponderance of the evidence. In other words, if a person makes an allegation, then that person must prove that allegation.

In this action, the plaintiff Emanuel Colon has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues: (1) that the defendant owed the plaintiff a duty of reasonable care in that

5

he was an invitee upon the defendant Festival Fun Parks, LLC, d/b/a Mountain Creek Waterpark's property; (2) that the defendant breached that duty of care, which was the proximate cause of plaintiff Emanuel Colon's injury.

The defendant Festival Fun Parks, LLC, has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues: (1) that it was not negligent and that if it was negligent, that negligence was not the proximate cause of any injuries sustained by the plaintiff Emanuel Colon.  The defendant Festival Fun Parks, LLC, d/b/a Mountain Creek Waterpark further alleges that the plaintiff Emanuel Colon was negligent and that negligence was the proximate cause of any injury he sustained. [Model Jury Charge 1.12G]

## PREPONDERANCE OF THE EVIDENCE

"Preponderance of the Evidence," means that amount of evidence that causes you to conclude that the allegation is probably true.  To prove an allegation by the preponderance of evidence, a party must convince you that the allegation is more likely true than not true.

If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence.  Therefore, the party having the burden of proof in

6

that issue has failed with respect to that particular issue. [Model Jury Charge 1.12H]

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence (sometimes called inferences) consists of a chain of circumstances pointing to the existence of certain facts. Circumstantial evidence is based upon deduction or logical conclusions that you reach from the direct evidence. (Let me give you an example of direct and circumstantial evidence. If a witness testified that he or she observed snow falling last night, that would be an example of direct evidence. On the other hand, if a witness testified that there was no snow on the ground before going to sleep and that when he or she arose in the morning, the ground was snow covered, you can infer from these facts that it snowed during the night. That would be an example of circumstantial evidence.)

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

7

When deciding this case, you are permitted to draw inferences from the evidence. Inferences are deductions or logical conclusions drawn from the evidence. Use logic, your collective common knowledge and your common sense when determining what inferences can be made from the evidence. [Model Jury Charge 1.12J(1)]

## CREDIBILITY

You will have to decide which witnesses to believe and which witnesses not to believe. Regardless of whether the witness is a lay person or expert, you may believe everything a witness said or only part of it or none of it.

In deciding what testimony to believe, you may take into consideration:

1. the witness' interest, if any in the outcome of this case;

2. the accuracy of the witness' recollection;

3. the witness' ability to know what he/she is talking about;

4. the reasonableness of the testimony;

5. the witness' demeanor on the stand;

6. the witness' candor or evasion;

7. the witness' willingness or reluctance to answer;

8. the inherent believability of the testimony;

9. the presence of any inconsistent or contradictory statements. [Model Jury Charge 1.12K]

8

## NEGLIGENCE AND ORDINARY CARE - GENERAL

1. Negligence may be defined as a failure to exercise, in the given circumstances, that degree of care for the safety of others, which a person of ordinary prudence would exercise under similar circumstances. It may be the doing of an act which the ordinary prudent person would not have done, or the failure to do that which the ordinary prudent person would have done, under the circumstances then existing.

By "a reasonably prudent person" it is not meant the most cautious person nor one who is unusually bold but rather one of reasonable vigilance, caution and prudence.

In order to establish negligence, it is not necessary that it be shown that the defendant had an evil heart or an intent to do harm.

To summarize, every person is required to exercise the foresight, prudence and caution, which a reasonably prudent person would exercise under the same or similar circumstances. Negligence then is a departure from that standard of care. [Model Jury Charge 5.10A(1)(2)]

## FORESEEABILITY

In determining whether reasonable care has been exercised, you will consider whether the defendant ought to have foreseen,

9

under the attending circumstances, that the natural and probable consequence of their act or omission to act would have been some injury. It is not necessary that the defendant have anticipated the very occurrence which resulted from their wrongdoing but it is sufficient that it was within the realm of foreseeability that some harm might occur thereby. The test is the probable and foreseeable consequences that may reasonably be anticipated from the performance, or the failure to perform a particular act. If an ordinary person, under similar circumstances and by the use of ordinary care, could have foreseen the result, [i.e., that some injury or damage would probably result] and either would not have acted or, if they did act, would have taken precaution to avoid the result, then the performance of the act or the failure to take such precautions would constitute negligence. [Model Jury Charge 5.10B]

## STANDARDS OF CUSTOM AND USAGE IN THE WATERPARK INDUSTRY
### Effect of Proof of Industry Standard

Some evidence has been produced in this case as to the standards, custom and usage in the waterpark industry. Such evidence may be considered by you in determining whether the defendant's negligence has been established. If you find that the defendant did not comply with that standard, you may find the defendant to have been negligent. However, the general custom of the industry, although evidential as to what is the

10

reasonable standard in such industry, does not conclusively establish the care the defendant was required to exercise in the performance of its operation. Compliance with an industry standard is not necessarily conclusive as to the issue of negligence, and does not, of itself, absolve the defendant from liability. The defendant must still exercise reasonable care under all the circumstances, and if you find that the prevailing practices in the industry do not comply with that standard, the defendant may be found negligent by you notwithstanding compliance with the custom or standard of the industry. [Model Jury Charge 5.10H]

## PROXIMATE CAUSE

By proximate cause, I refer to a cause that in a natural and continuous sequence produces the accident and resulting injury and without which the resulting accident or injury would not have occurred. A person who is negligent is held responsible for any accident or injury that results in the ordinary course of events from its negligence. This means that you must first find the resulting accident or injury to Emanuel Colon would not have occurred but for the negligent conduct of Festival Fun Parks, LLC, d/b/a Mountain Creek Waterpark. Second, you must find that defendant Festival Fun Parks, LLC, d/b/a Mountain Creek Waterpark's negligence was a substantial

11

factor in bringing about the resulting accident or injury. By substantial, I mean that the cause is not remote, trivial or inconsequential.

If you find that Festival Fun Parks, LLC, d/b/a Mountain Creek Waterpark's negligence was a cause of the accident and that such negligence was a substantial factor in bringing about the injury, then you should find that Festival Fun Parks, LLC, d/b/a Mountain Creek Waterpark was a proximate cause of Emanuel Colon's injury. [Model Jury Charge 6.11]

## INVITEE - DEFINED AND GENERAL DUTY OWED

An invitee is one who is permitted to enter or remain on premises for a purpose of the owner of the property. He enters by invitation, express or implied. The owner of the premises who by invitation, express or implied, induced persons to come upon their premises, is under a duty to exercise ordinary care to render the premises reasonably safe for the purposes embraced in the invitation. Thus, they must exercise reasonable care for the invitee's safety. They must take such steps are as reasonable and prudent to correct or give warning of hazardous conditions or defects actually known to them, and/or their employees, and of hazardous conditions or defects which they by the exercise of reasonable care, could discover.

12

The basic duty of a proprietor of premises to which the public is invited for business purposes of the proprietor is to exercise reasonable care to see that one who enters their premises upon that invitation has a reasonably safe place to do that which is within the scope of the invitation. [Model Jury Charge 5.20F(5)]

## WARNING OF DANGER

The duty of an owner or occupier of premises is to provide a reasonably safe place for use by an invitee. Where the owner knows of an unsafe condition they may satisfy their duty by correcting the condition, or, in those circumstances where it is reasonable to do so, by giving warning to the invitee of the unsafe condition.

Where a warning has been given, it is for you as jurors to determine whether the warning given was adequate to meet the duty of care owed to the invitee. In this regard you should consider the nature of the defect or unsafe condition, the prevailing circumstances, and the likelihood that the warning given would be adequate to call attention to the invitee of the hazard and of the need to protect himself against said hazard. [Model Jury Charge 5.20F(12)(b)]

## COMPARATIVE NEGLIGENCE: ULTIMATE OUTCOME

If you find that both the plaintiff and the defendant were negligent and proximately caused the accident, then you must

13

compare their negligent conduct in terms of percentages. You will attribute to each of them that percentage that you find describes or measures their negligent contribution to the happening of the accident. The percentages must add up to 100%.

I will explain to you the effect of these percentages. If you attribute to the plaintiff a percentage of negligent conduct of 50% or less, then the court will reduce his recovery of damages by his percentage of the negligence that proximately caused the accident. If you attribute to the plaintiff a percentage greater than 50% then he will not recover damages from the defendant at all. In that event, you must stop your deliberations without making any determination as damages. [Model Jury Charge 7.31A]

## JURY VERDICT FORM - EXPLANATION OF QUESTIONS

I have just described to you the various concepts with which you are going to have to deal in deciding the present case. To assist you in reaching a verdict you will have with you in the jury room a form consisting of questions calling for certain answers. Your duty will be discharged by answering each of these questions as under the evidence and the court's instructions it becomes necessary to answer in order to arrive at a complete verdict.

14

Question #1 deals with plaintiff's allegations as to defendant's negligence. In order to answer this question you are going to have to decide whether the plaintiff has sustained his burden of proof with respect to defendant's negligence. I am going to read to you question #1; it reads:

Was defendant, Festival Fun Park LLC, d/b/a Mountain Creek Waterpark, negligent?                                     Yes _____

                                                                    No _____

If you conclude that plaintiff has failed to sustain the burden of proving defendant's negligence, the answer to question #1 would be "No"; you would check the appropriate answer and then you have no need to answer further questions but you would return your verdict at this point. If, however, on the other hand, you conclude that plaintiff has proven defendant's negligence, you will answer question #1 "Yes" and proceed to answer question #2.

Question #2 deals with plaintiff's allegations that defendant's negligent conduct was a proximate cause of injuries to the plaintiff. Question #2 reads as follows:

Was the negligence of defendant, Festival Fun Park LLC, d/b/a Mountain Creek Waterpark, a proximate cause of plaintiff's injuries?

                                    Yes _____

                                    No _____

15

If you find the plaintiff has failed to prove that the negligent conduct of the defendant was a proximate cause of his injuries, then you will answer question #2 "No" and check the appropriate answer on the form. If that should be your answer to question #2, you would not need to answer further questions but would return the verdict at this point. However, if you conclude that the plaintiff has met the burden of proving that defendant's negligent conduct was a proximate cause of his injuries, then you will answer question #2 "Yes", check the appropriate answer, and proceed to deal with question #3.

Question #3 deals with defendant's allegation that plaintiff was negligent. Question #3 reads as follows:

Was plaintiff negligent?

Yes _____

No _____

If you find the defendant has failed to meet its burden of proving plaintiff's negligence, you will answer question #3 "No", check the appropriate answer to question #3, and then pass directly on to the damage question, question #6, which is described on the form as a "damage question". If, on the other hand, you find the defendant has proven the plaintiff was negligent, you will answer question #3 "Yes" and go on to deal with question #4.

16

Question #4 deals with defendant's allegations that plaintiff's negligence was a proximate cause of the accident. Question #4 reads as follows:

Was plaintiff's negligence a proximate cause of the accident?

Yes _____

No _____

If you find that the defendant has met its burden of proving that the plaintiff's negligence was a proximate cause of this accident, then you will answer question #4 "Yes", check the appropriate answer on the form and return your verdict at this point. However, if you find, on the other hand, that defendant has failed to prove plaintiff's negligent conduct was a proximate cause of the accident, then you will answer question #4 "No" and go on to answer question #6, which is the question requiring evaluation of damages.

After you have answered those questions these instructions have required you to answer, examine your answers. If you find that the answers to all four questions are "Yes", then you will have to answer question #5. In other words, if you find from your answers that you have concluded that both the defendant and the plaintiff were negligent and that their respective negligent conduct was a proximate cause of the accident, then you are

17

going to have another task to perform and another question to answer - question #5. You are going to have to evaluate the conduct of both the plaintiff and the defendant with a view to determining the degree of fault attributable to each with respect to this accident, and express that degree of fault in terms of a percentage figure - taking the combined fault of all parties to this lawsuit as being 100%.

In other words, you shall assume that the negligence of all parties to this lawsuit is taken to be 100%; then determine what percentage of that total amount of negligence is to be attributable to defendant and what percentage of that total negligence is to be attributable to the plaintiff. Your answer will be expressed in percentage terms and the total of all percentages which you assign to each party must add up to 100%.

Thus, I will now read to you question #5. You will note that it recites the instructions that I have just given you in oral form. Question #5 reads as follows:

If you find that you have answered all the previous four questions "Yes", *i.e.*, you have found that both the plaintiff and the defendant were negligent and that their respective negligent conduct proximately caused the plaintiff's injuries, then you must answer this question - taking the combined negligence of all parties to this lawsuit which proximately

18

contributed to the happening of this accident as being 100% - what percentage of such total negligence is attributable to:

| a. | Defendant | Answer | _____ | % |
| b. | Plaintiff | Answer | _____ | % |
| | | TOTAL | 100 | % |

If you have determined that the defendant was solely negligent or that both plaintiff and defendant were negligent, it then becomes your duty to determine the amount of money which would reasonably compensate plaintiff for the injuries proximately caused by the accident in question. For that reason, I am going to give you instructions with respect to the measure of damages in a case such as the present one, for your guidance, in the event you need to consider this question.

## DAMAGES

I shall now instruct you on the law governing damages in the event you decide the liability issue in favor of plaintiff Emanuel Colon.

The fact that I instruct you on damages should not be considered as suggesting any view of mine about which party is entitled to prevail in this case. Instructions on damages are given for your guidance in the event you find that the plaintiff Emanuel Colon is entitled to a verdict. I am required to

provide instructions on damages in all cases where the trial includes a claim for damages.

The plaintiff Emanuel Colon has the burden of establishing by a preponderance of the evidence each item of damages that he claims. The plaintiff must also prove that the damages were the natural and probable consequences of the defendant's negligence. The accident must have been a proximate cause of the damages. Damages may not be based on conjecture or speculation.

In this case, the plaintiff Emanuel Colon is seeking damages for pain, suffering, disability, impairment and loss of enjoyment of life.

I will now discuss this claim of damages with you. [Model Jury Charge 1.120]

## DISABILITY, IMPAIRMENT AND LOSS OF THE ENJOYMENT OF LIFE, PAIN AND SUFFERING

If you find for plaintiff, he is entitled to recover fair and reasonable money damages for the full extent of the harm caused, no more and no less.

A plaintiff who is awarded a verdict is entitled to fair and reasonable compensation for any permanent or temporary injury resulting in disability to or impairment of his faculties, health, or ability to participate in activities, as a proximate result of the defendant's negligence. Disability or impairment means worsening, weakening or loss of faculties,

health or ability to participate in activities. It includes the inability to pursue one's normal pleasure and enjoyment. You must determine how the injury has deprived plaintiff of his customary activities as a whole person. This measure of damages is what a reasonable person would consider to be adequate and just under all the circumstances of the case to compensate plaintiff for his injury and his consequent disability, impairment, and the loss of the enjoyment of life.

The law also recognizes as proper items for recovery, the pain, physical and mental suffering, discomfort, and distress that a person may endure as a natural consequence of the injury. The measure of damages is what a reasonable person would consider to be adequate and just under all the circumstances to compensate Emanuel Colon.

Here are some factors you may want to take into account when fixing the amount of the award for disability, impairment, loss of enjoyment of life, pain and suffering. You may consider Emanuel Colon's age, usual activities, occupation, family responsibilities and similar relevant facts in evaluating the probable consequences of any injuries you find he has suffered. You are to consider the nature, character and seriousness of any injury, discomfort or disfigurement. You must also consider their duration, as any award you make must cover the damages suffered by Emanuel Colon since the accident, to the present

21

time, and even into the future if you find that Emanuel Colon's injury and its consequence have continued to the present time or can reasonably be expected to continue into the future.

The law does not provide you with any table, schedule or formula by which a person's pain and suffering, disability, impairment, loss of enjoyment of life may be measured in terms of money. The amount is left to your sound discretion. You are to use your discretion to attempt to make the plaintiff whole, so far as money can do so, based upon reason and sound judgment, without any passion, prejudice, bias or sympathy. You each know from your common experience the nature of pain and suffering, disability, impairment and loss of enjoyment of life and you also know the nature and function of money. The task of equating the two so as to arrive at a fair and reasonable award of damages requires a high order of human judgment. For this reason, the law can provide no better yardstick for your guidance than your own impartial judgment and experience.

You are to exercise sound judgment as to what is fair, just and reasonable under all the circumstances. You should, of course, consider the testimony of Emanuel Colon on the subject of his discomforts. You should scrutinize all of the evidence presented by both parties on this subject, including, of course, the testimony of the doctors who appeared. After considering the evidence, you shall award a lump sum of money that will

22

fairly and reasonably compensate Emanuel Colon for his pain, suffering, disability, impairment, and loss of enjoyment of life. [Model Jury Charge 8.11E]

## AGGRAVATION OF THE PRE-EXISTING DISABILITY

In this case, evidence has been presented that plaintiff Emanuel Colon had a condition known as osteogenesis imperfecta before the accident - that is a pre-existing brittle bone disease. I will refer to this condition as the pre-existing injury or condition. There are different rules for awarding damages whether a pre-existing injury was or was not causing plaintiff any symptoms or harm before the accident.

Obviously, the defendant in this case is not responsible for any pre-existing condition the plaintiff had. As a result, you may not award any money in this case for damages attributable solely to a pre-existing condition.

I will now explain what happens if the plaintiff was experiencing symptoms with a pre-existing condition prior to the accident.

If the injuries sustained in this accident combined and aggravated a pre-existing condition, made it more severe, then plaintiff may recover for any damages sustained due to an aggravation or worsening of the pre-existing condition but only to the extent of the aggravation or worsening. Plaintiff has

23

the burden of proving what portion of his condition is due to his pre-existing injury. Plaintiff Emanuel Colon is entitled to damages only for that portion of his injuries attributable to the accident.

However, if you find that plaintiff had a pre-existing condition and it was not causing him any harm or symptoms at the time of the accident, but that the pre-existing condition combined with the injuries incurred in the accident to cause him damages, then plaintiff is entitled to recover for the full extent of damages he sustained.

I will now explain what happens if plaintiff had a predisposition or weakness which was causing no symptoms or problems before the accident but made him more susceptible to the kind of medical problems he claims in this case. If the injuries sustained in this accident combined with that predisposition to create the plaintiff's medical condition, then plaintiff is entitled to recover for all the damages sustained due to that condition. You must not speculate that an individual without such predisposition or latent condition would have experienced less pain, suffering, disability or impairment. [Model Jury Charge 8.11F; *Edwards v. Walsh*, 397 *N.J. Super* 567 @ 573]

24

## LIFE EXPECTANCY

If you make an award for future pain and suffering, disability and impairment, loss of enjoyment of life, medical expenses, and loss of future earnings, you may consider the plaintiff's life expectancy. Plaintiff's life expectancy today is 45.8 years. That is an estimation of his probable length of life based upon statistical data. Since it is a general estimate, you should use it with caution in an individual case. The plaintiff may live a longer or shorter period than the estimated figure. You should exercise your sound judgment in applying the life expectancy figure without treating it as a necessary and fixed rule. [Model Jury Charge 8.11G]

After having considered the evidence in this case bearing on plaintiff's injuries and their consequences, you will determine what amount of money would fairly and reasonably compensate plaintiff for his injuries and losses proximately resulting from the accident in accordance with the law as just given you and state the dollar amount of your conclusion in answer to question #6 which, you will note, requires a lump sum dollar amount. The evaluation of plaintiff's injuries and damages in money terms should be made irrespective of which party is at fault or to what degree, or who is ultimately to pay any damages that may be assessed. Here, you, members of the

jury, are only concerned with evaluation plaintiff's injuries and damages without regard to whose fault proximately caused them. Question #6 reads as follows:

What amount of money would reasonably and fairly compensate the plaintiff for his injuries and losses?   $ _____

[Model Jury Charge 7.32]

## JURY VERDICT SHEET

I have prepared a jury verdict sheet which I believe should make your task simpler. I will be sending that sheet with you to the jury room. The sheet has questions that you must consider and answer within the framework of the instructions that I have given you. I will not review these questions with you. **[Go over sheet.]**

Answering the questions on this sheet will be your verdict. [Model Jury Charge 1.12T]

## EXPERT TESTIMONY

You have heard testimony from witnesses who were called as experts. Generally, witnesses can testify only about the facts and are not permitted to give opinions. However, an exception to this rule exists in the case of an expert witness. An expert witness may give an opinion on a matter in which the witness has some special knowledge, education, skill, experience and training. An expert witness may be able to assist you in

26

understanding the evidence in this case or in performing your duties as a fact finder. But I want to emphasize to you that the determination of facts in this case rests solely with you as jurors.

In this case, the witnesses called as experts and testified about certain opinions:

1. Thomas J. Griffiths, Ed.D., a waterpark safety expert

2. Kent S. Lerner, M.D., an orthopedic surgeon

3. Michael A. Oostman, a water park safety expert

4. Martin Barschi, M.D., an orthopedic surgeon

In examining each expert's opinion, you may consider the person's reasons for testifying, if any. You may also consider the qualifications of the individuals and the believability of the expert, including all the considerations that generally apply when you are deciding whether or not to believe a witness' testimony.

The weight of the expert's opinion depends on the facts on which the expert bases his opinion. You as jurors must also decide whether the facts relied upon by the expert actually exist.

Finally, as you are not bound by the testimony of an expert, you may give it whatever weight you deem is appropriate. You may accept or reject all or part of an expert's opinions. [Model Jury Charge 1.13]

27

## FEE PAID TO AN EXPERT

The expert witness' is a matter that you may consider as possibly affecting the believability of an expert.  However, there is nothing improper in the expert witnesses being paid a reasonable fee for their work and for their time in attending court. [Model Jury Charge 1.13C]

## NO PREJUDICE, PASSION, BIAS OR SYMPATHY

Your oath as jurors requires you to decide this case fairly and impartially, without sympathy, passion, bias or prejudice. You are to decide this case based solely upon the evidence that you find believable and in accordance with the rules of law that I give you.

Sympathy is an emotion which is normal for human beings. No one can be critical of you for feeling some degree of sympathy in this matter.  However, that sympathy must play no part in your thinking and in the decision you reach in the jury room.

Similarly, your decision must not be based upon bias or prejudice which you might have developed during the trial, for or against any party.

Your duty is to decide this case impartially and a decision based on sympathy, passion, bias or prejudice would violate that duty. [Model Jury Charge 1.12P]

## DELIBERATIONS

You are not advocates for either party. You are judges of the facts. Your sole interest is to determine the truth from the evidence in this case.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without compromising your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with the other jurors. [Model Jury Charge 1.12Q]

## COMMUNICATIONS WITH THE COURT

If during your deliberations you wish to communicate with the court, or you would like me to repeat any part of the jury instruction, please write your request or question and give the note to the attendant. I will respond as quickly as I can by having you in the courtroom on the record. I should caution you, however, that at no point until you reach your verdict should you indicate to the attendant or anyone else what your vote has been on any questions before you. That is a matter

that only members of the jury should know until you have reached a verdict. [Model Jury Charge 1.12V]

Respectfully submitted,

MICHAEL J. BRESLIN, JR., LLC

/s/ *Michael J. Breslin, Jr.*
By: _____
        Michael J. Breslin, Jr.

Dated:    June 10, 2010

30